Huey v. Huey *et al.*

1. Evidence: ADMISSION OUT OF REGULAR ORDER: STATUTE CONSTRUED. Section 3070 of the Revision, authorizing the reception of evidence to correct an evident oversight or mistake at any time before the cause is finally submitted, does not deny to the court the power to receive, in its discretion, any evidence out of its usual order, where there is no surprise to the opposite party, and justice is thereby promoted.

2. Executor: NON-RESIDENCE OF: JURISDICTION. In an action by the widow of a decedent to recover of the administrator her distributive

share of the personal property, which he has been ordered by the County Court to pay over to her, he cannot urge as a defense to the action, that the order was void because he was at the time of the making thereof a resident of another State, and that notice of the application therefor was served on him in such other State. Especially where it appears from the record, that it was found by the County Court, that the administrator "was served with due and legal notice."

3. —— LIABILITY OF ADMINISTRATOR FOR INTEREST. Where an administrator fails and refuses, after being ordered by the County Court, to pay over to the widow her distributive share, the action of the court below charging him with interest on such share from the time it should have been paid, will not be disturbed.

4. —— LIABILITY OF WIDOW: RENT OF HOMESTEAD: PERSONAL PROPERTY. The administrator has no right to recover of the widow, rent for the use and occupancy of the homestead.

5. —— Nor for the value of personal property presented to her by her husband or friends, or owned by her in her own right.

*Appeal from Jefferson District Court.*

TUESDAY, FEBRUARY 2.

PLAINTIFF is the widow of John T. Huey. In this action she seeks to recover of the defendant, Samuel C. Huey, and his co-defendants (who are sureties upon his bond as executor of the husband's estate), the amount of her distributive share as such widow. Trial and judgment for plaintiff, and defendants appeal.

*Negus & Culbertson* for the appellants.

*C. C. Nourse* for the appellee.

WRIGHT, J. — It seems that after plaintiff rested her case, defendants' counsel moved for a *nonsuit*, upon

1. EVIDENCE: admission out of regular order: statute construed.

the ground that the evidence was not sufficient, etc. The court intimated some doubt whether plaintiff had shown any breach of the bond, and thereupon plaintiff asked leave to offer "further evi-

dence-in-chief in support of the action." Defendants objected; objection overruled, and plaintiff was permitted to offer additional evidence, to which defendants excepted. And herein we have the first matter presented for our consideration. Whether the defect in the proof was technical or substantial we have no means of knowing, for the record makes no disclosure of the evidence afterwards introduced. Nor does it appear that the case was "finally submitted." The right given by section 3070 (Revision), to receive evidence to "correct an evident oversight or mistake," by no means denies the power of the court to receive evidence out of the usual order, where there is no surprise, and justice is thereby promoted. There is nothing to indicate that this rule was violated in this instance. We cannot say that the court abused its discretion. In this view of the record, nothing need be said as to whether defendants' motion "for a nonsuit" was or was not proper, under the statute.

It is objected that the facts found by the court, do not show, that the executor had violated the condition of his 2. EXECUTOR: bond. And here it is urged that he was not non-residence liable until ordered by the County Court to of: jurisdiction. pay over this distributive share. That there was such an order as to part of the assets is not denied. But it is said that the executor was a resident of another State, that notice of the application for such order was served on him in such State, and that the County Court, therefore, had no jurisdiction, etc. In his representative capacity he was, however, subject to the jurisdiction of the court granting administration. Not only so, but the County Court (upon what proof of service does not very conclusively appear), found expressly that the executor was "served with due and legal notice." This, if not conclusive in this proceeding, at least shows, *prima facie*, that the court had jurisdiction.

A part of the money collected by the executor was invested in government bonds, and some interest realized thereon. In addition to this, he received about $100, after the order was made to pay to the widow her distributive share. It is insisted, that the order could not extend to the additional sums, and that plaintiff should not have recovered any part of the sums thus received, because not collected or realized before the making of such order. As to the interest, of course, there is no trouble, for it was merely the incident to the principal sum which the executor was holding in trust, and from which he realized this much for the benefit of the widow and all others interested. And as to all the sums, there was such failure to account, such apparent, if not actual, defiance of the citations issued from time to time, and such resistance, in this proceeding, of plaintiff's right to this money, that defendant is in no position to resist its recovery. That plaintiff was entitled to interest at six per cent from the time the distribution should have been paid, cannot be doubted. And upon this basis, we cannot say that the recovery was excessive.

Defendant, however, insists that the plaintiff was indebted to the estate for certain items annexed to his answer; that she had received more of said estate than she was entitled to, etc. The "schedule annexed" charges her with "house rent," "dining tables," "beds," "gold watch," "carpet," "chairs," etc., etc. It is not now proper to examine into the right of the executor to recover for these items in detail. It is sufficient to remark, generally: First, as to rent (of homestead), plaintiff, upon the facts shown, would have no right to the same, in his capacity as administrator. We are far from recognizing the right of any one to demand the same, and least of all the administrator. Second, some of the items were "pres-

ents" to plaintiff, either by her father, by her husband (the watch), by their friends, or were owned by her in her own right, at the time of her marriage. Others again, were set apart to her as "privileged property," by the appraisers of the estate. The estate is abundantly able to pay all debts, indeed we understand that the creditors are all satisfied. Plaintiff has not attempted to conceal the property, nor has defendant at any time, demanded the same.

Under these facts, the court did not err in refusing to hold the widow liable for the money value of any of these items. It is difficult to see how she would be liable in any event. But conceding this, it is sufficient to hold that she is not upon the facts here disclosed.

Affirmed.