E. SWEARINGEN, Defendant in Error, *vs.* M., K. & T. R. R. Co., Plaintiff in Error.

1. *Damages—Killing of stock in unfenced depot grounds.*—To entitle plaintiff to recover against a railroad company under § 5 of the Damage Act (Wagn. Stat., 250) for the value of stock killed in open and unfenced depot grounds, he must prove negligence in defendant. Such open spaces seem to be regarded as in a measure dedicated to public use, and somewhat in the nature of public highways, and therefore within the exception of the statute. (See Morris vs. St. L., K. C. & N. R. R., 58 Mo. 78.)

*Error to Howard Circuit Court.*

*John Montgomery, Jr.,* for Plaintiff in Error.

It has uniformly been held by the Supreme Court that this statute does not apply to such places as depot grounds, and that railroad companies are not required to fence at such places. (Lloyd vs. Pac. R. R. Co., 49 Mo. 200 ; Morris vs. St. L., K. C. & N. R. R. Co., 58 Mo. 81 ; Stoneman vs. Atl. & Pac. R. R. Co., 58 Mo. 505 ; Karle vs. Kansas City, St. Joe. & C. B. R. Co., 55 Mo. 483.)

There is nothing in the opinion of the court in Tiarks vs. The St. Louis & Iron Mountain R. R. Co. (58 Mo. 50), in conflict with these decisions. The facts in that case were entirely different from the case here presented, and the law there declared was unquestionably proper upon the facts before the court.

The case of Holman vs. C., R. I. & Pac. R. R. (62 Mo. 562) fully sustains the position of plaintiff in error.

*Herndon & Herndon,* for Defendant in Error.

Under the 5th section of Damage Act, upon proof of the killing of the stock at the depot grounds, negligence was presumed and should be rebutted with proof by defendant. (Tiarks vs. St. L. & I. M. R. R., 58 Mo. 45 ; also Wagn. Stat., 520, § 5.)

HOUGH, Judge, delivered the opinion of the court.

This was an action to recover the value of certain live stock killed by the cars of defendant at Estil Station, in Howard county. The record has been prepared, and certified by the judge of

the circuit court, in conformity with rule sixteen of this court, and contains the following statement of the proceedings of the trial:

"The plaintiff introduced evidence tending to show that on the night of the 16th day of April, 1874, the stock described in the petition were killed by a train of cars operated by defendant, upon its road at Estil Station, in Howard county; that they were his property, and of the value of $380; that the injury occurred in the night time, and that the stock appeared to have been killed north of the depot and within the switch limits; that the place where the stock was killed was left open for the transaction of the business of the railway company and the public, and was necessary for that purpose.

Defendant asked an instruction that upon the evidence the plaintiff could not recover. This the court refused to give, holding the action was brought under the fifth clause of the Damage Act, and upon proof of the killing or injury of the stock at this point, negligence was presumed, and should be rebutted with proof by the defendant. To which ruling defendant then and there excepted, at the time.

Defendant introduced evidence tending to prove that the defendant was not guilty of any negligence, and plaintiff then introduced evidence tending to prove negligence.

The cause was submitted to the jury upon instructions which declared that upon proof of the killing and injury, the law presumed the company guilty of negligence, where the damage was done at a point on the road where the defendant was not bound to fence, and unless the defendant overcame the *prima facie* case or presumption, by proof to the satisfaction of the jury that they were guilty of no negligence, the jury should find the issues for the plaintiff.

The court also gave the following instructions asked for by plaintiff, viz: "If the jury believe from the evidence that the horses, mules or colts, or any of them, the property of the plaintiff, were killed by the locomotive and train of cars of defendant, at a point on said road where the law does not require fences to be erected, the law raises the inference of negligence, and the defendant is liable for the value of the stock so killed, unless the

evidence shows that the defendant was not guilty of negligence." "The killing of the stock being proved, it devolves upon defendant to prove to the satisfaction of the jury that defendant was not guilty of negligence."

The defendant duly excepted to the giving of these instructions. The jury found a verdict for plaintiff. The defendant filed its motion for a new trial, which was overruled, to which ruling it duly excepted.

We have omitted from the certified statement an instruction as to the measure of damages, and one relating to the credibility of witnesses, as they have no bearing on the point in controversy.

The fifth section of the damage act under which this action was brought, provides, in substance, that when any animal shall be killed by the locomotive or cars used on any railroad in this State, the owner may recover the value of such animal without any proof of negligence on the part of the servants of the company operating such road; but it is further provided that this section shall not apply to any accident occurring on any portion of such road that may be inclosed by a lawful fence, or in the crossing of any public highway.

The question presented for our determination is, whether in actions against a railroad company brought under this section, a recovery can be had without any proof of negligence on the part of the servants of the company, when the animals are killed in the open and unfenced depot grounds of such company, it being admitted to be necessary for the transaction of its business with the public, that such grounds should be left open. This identical question was considered and decided by this court in the case of Lloyd vs. Pacific Railroad, (49 Mo. 199.) It was there held that railroad companies are under no obligation to fence such portions of their depot grounds as the business of the companies and the public convenience may require to be kept upon and uninclosed, and that for stock killed· at such places the companies are only liable upon proof of negligence; that in such cases, no presumption of negligence arises from the simple fact of the killing.

This ruling was subsequently approved in the case of Morris vs. St. L., K. C. & N. R. R., 58 Mo. 78.

Such open spaces being assigned for the free use of the public, having business with the companies, seem to be regarded as in a measure dedicated to public use, and somewhat in the nature of highways, and therefore within the exceptions of the statute. To fence them up, in towns and villages, would, in the language of this court, in Lloyd vs. P. R. R. be to " commit a public nuisance," to render it inconvenient, if not almost impossible, for the companies to perform the office of their creation.

To support the action of the court below, the opinion of Judge Wagner in the case of Tiarks the St. L. & I. M. R. R., 58 Mo. 45, is relied upon.   Indeed one of the instructions given at the trial, is couched, in part, in the very language of the opinion in that case.   It was there said " By that section, (the 5th section of the Damage Act) if the road is not fenced and animals are killed at a place where the law does not require fences to be erected, the law raises the inference of negligence and the corporation will be liable."   This language when wrested from its context and construed without reference to the facts of that case, undoubtedly supports the claim of the plaintiff.

Such a mode of interpreting judicial writings, however, it need hardly be said, is wholly inadmissible.

The plaintiff in that case brought his action under the forty-third section of the railroad corporation law to recover, as provided therein, double the value of certain stock, killed at a point on the railroad where there was no fence, and where the road passed through *uncultivated and uninclosed cleared land*. This court held that the defendant was only bound to erect fences, where its road passed through or by inclosed or cultivated fields or uninclosed prairie lands, and that the plaintiff could not maintain his action under that section ; that unless the killing takes place where the statute makes it obligatory on the roads. to fence, double damages cannot be recovered.   Proceeding then to say that the plaintiff should have brought his action under the 5th section of the Damage Act, the language was used which we have heretofore quoted.   And when it was said that the law raises the inference of negligence from the killing of animals where there is no fence, and where the law does not require fences to be

erected, references are unquestionably made to places where fences might legally and properly be erected, and not to public highways or to depot grounds. The design of the 5th section of the Damage Act, was, Judge Wagner remarked, "to furnish an inducement for the roads to fence their track where it was not deemed absolutely necessary to compel them to do so." Most certainly he did not thereby intend to say that it was designed to induce them to fence public highways and depot grounds; yet such a construction would have to be put upon his language to justify the action of the circuit court in this case.

For error committed in giving instructions, the judgment will be reversed, and the cause remanded; the other judges concur.