The Chicago, Burlington and Quincy Railroad Company

*v.*

Peter Hans.

*Filed at Springfield September 27, 1884.*

1. Railroad—*statute construed as to duty to fence track at stations.* The statute of this State requiring railway companies to fence each side of their roads, to prevent cattle from getting on the same, except at public road crossings and within cities and villages laid out into lots and blocks, and making them liable for injury to stock for a failure to do so, is not intended to apply to public stations or depot grounds, although such stations or depot grounds may not be within the limits of a village, town or city, or at a highway crossing. But side-tracks not at stations or depots, and such parts of side-tracks as do not constitute a part of the depot yard, may well be held to be within the statute.

2. Same—*duty to provide means of access to depots.* It is made the duty of railway companies to establish depots, and so operate their roads as to afford the public reasonable safety and dispatch in the transaction of business; and to effect this, it is necessary that they should, at all reasonable times, provide a ready and convenient means of access to their stations and depots.

3. Former decision—*overruled in part, and explained.* The reasoning of the court in the case of *Chicago, Milwaukee and St. Paul R. R. Co.* v. *Dumser*, 109 Ill. 402, in so far as it intimates that the company was derelict in failing to fence its road at its depot grounds, being not necessary to the decision of the case, is not to be treated as authority.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. John H. Williams, Judge, presiding.

The cow of appellee, running at large, strayed upon the railroad track of appellant in the night time, and was injured by a passing locomotive and train. The railroad track was duly fenced on both sides, except at a station called Marblehead. Here there was a fence all along one side of the track. On the other side was a railroad depot and passenger house, and about twelve feet north of the depot was a coal house. Between the depot and the coal house there was no fence, otherwise that side of the track was fenced fully. The space between the depot and coal house was occupied by a platform of timbers, which furnished the only way for passengers and freight to reach the platform adjoining the track and extending along the front of the depot and coal house. Through this open space between the coal house and the depot the cow strayed upon the track and was injured. The only negligence charged against the railroad company is its omission to have its railroad track fenced at this point. This depot was within about one hundred and fifty yards of a public highway, and there was an open space leading from the public highway to the depot, which was the only mode of approach or egress for freight or passengers going to or from this depot. The depot was near to but not in any village, city or incorporated town, and the depot was not at the crossing of any public road or highway.

At the close of the evidence the defendant below (appellant) asked the court, among other things, to charge the jury

that "the defendant is not bound to fence its depot grounds, and is not liable for failing to do so, and defendant is not required at all times to employ watchmen or guards to prevent stock from straying upon its track at its depot grounds." The court refused to so instruct the jury, but charged if the defendant company "had failed to keep and maintain suitable and sufficient fences to prevent cattle from getting on said railroad track, and because of such failure plaintiff's cow got upon said railroad and was struck and injured, etc., then the jury should find the defendant guilty," etc.

By the statute "every railroad corporation" is required to "erect and maintain fences on both sides of its road, or so much of it as is open for use, suitable and sufficient to prevent cattle * * * from getting on such railroad, except at the crossings of public roads and highways, and within such portion of cities and incorporated towns and villages as are or may hereafter be laid out and platted into lots and blocks, * * * and to construct and maintain at all road crossings * * * cattle-guards, * * * and when such fences and cattle-guards are not made, * * * such railroad corporations" are made liable "for all damages which may be done by the agents, engines or cars of such corporation to such cattle * * * thereon," etc.

Mr. J. F. CARROTT, for the appellant:

A recovery for stock killed or injured at a place where the track is not required to be fenced, can not be had without proof of negligence. *Railroad Co.* v. *Bull*, 72 Ill. 537 ; *Railroad Co.* v. *Brown*, 23 id. 95.

A railroad company, under its general duty to fence, is not required to inclose grounds about its stations which are required to be kept open for public convenience. Pierce on Railroads, 421 ; 1 Thompson on Negligence, 522.

Even a private road leading to a public station, and used by the public, may be regarded as a public highway within

the exception of the statute. *Walton* v. *Railroad Co.* 67 Mo. 56; *Morris* v. *Railroad Co.* 58 id. 78.

Under similar statutes it has been held that no liability exists for not fencing at public roads, stations, etc. *Lloyd* v. *Railroad Co.* 49 Mo. 190; *Swearingen* v. *Railroad Co.* 64 id. 73; *Railroad Co.* v. *Kinney*, 8 Ind. 402; *Davis* v. *Railroad Co.* 26 Iowa, 549; *Railroad Co.* v. *Beatty*, 36 id. 19; *Railroad Co.* v. *Campbell*, 47 Mich. 265; *Railway Co.* v. *Lull*, 28 id. 515.

The proper test is whether the place is a public one. Such are not within the spirit of the statute. 1 Thompson on Negligence, 519, 521; *Railroad Co.* v. *Chapin*, 66 Ill. 504; *Railroad Co.* v. *Spangler*, 71 id. 578; *Railroad Co.* v. *Parker*, 29 Ind. 471.

As to the duty of railway companies to provide a reasonable means of access to their stations for the public, see Rev. Stat. chap. 114, sec. 20; 1 Redfield on Railways, p. 244, sec. 68; *Railroad Co.* v. *Wilson*, 17 Ill. 123.

The duty of carriage includes giving secure access to and egress from the conveyance. Wharton on Negligence, sec. 652; *Railroad Co.* v. *Riley*, 39 Ind. 586; *McDonald* v. *Railroad Co.* 26 Iowa, 124.

Messrs. Sibley, Carter & Govert, for the appellee:

The statute imperatively required the appellant to fence both sides of its track, and contains no exception as to stations or depots out of cities and villages laid out into lots and blocks. Laws 1879, p. 224, sec. 1.

The supposed hardship or unreasonableness of the law is not a judicial question, but one to be addressed to the law making power only. *Comrs. of Highways* v. *Comrs. of Highways*, 100 Ill. 631.

The cases cited by appellant were decided under different statutes, not like the one now in force, and are not authority in the construction of the act of 1879.

Mr. Justice Dickey delivered the opinion of the Court:

This case turns upon the construction of our statute. Looking at the evil sought to be remedied and the means prescribed by the statute, we can not believe that the legislature intended by that act to require that all stations and depots should be fenced in, except such as might stand in public roads, or within the limits of some part of a village, town or city which had been platted into lots and blocks. The statute, by its terms, relates to the *road* or *tracks* of the railroad. It ought not to be construed so as to embrace that which is not embraced in the statute, and depots and stations are surely not embraced in its terms. True, there is a road or track at the station, but the main feature of the place is not the track. The statute no doubt may embrace tracks other than the main track. Side-tracks not at stations or depots, and such parts of side-tracks as do not constitute part of the depot yard, may well be held to be within the statute; but the absurdity of holding this station to be required to be fenced is too obvious. The post-office is at this station, also a cooper shop and some other buildings. If this statute be held to embrace the station, it would leave passengers under the necessity of climbing over the fence to get to the cars, for the statute requires gates or bars only at farm crossings.

While this question has never come directly in judgment in this court, so far as we are advised, like statutes have been construed by other courts. It has been held in such cases that the railroad company is not bound to fence up such part of its depot grounds as are required to be open for the convenience of the public in the use of the road. *Swearingen* v. *Missouri, Kansas and Topeka R. R. Co.* 64 Mo. 73; *Lloyd* v. *Pacific R. R. Co.* 49 id. 199; *Morris* v. *St. Louis R. R. Co.* 58 id. 78; *Davis* v. *Burlington R. R. Co.* 26 Iowa, 529; *J. M. and I. R. R. Co.* v. *Beatty,* 36 Ind. 19; *Chicago and Grand*

*Trunk Ry. Co.* v. *Campbell*, 47 Mich. 265; *Flint Ry. Co.* v. *Lull*, 28 id. 515; 1 Redfield on Railways, 469; Thompson on Negligence, p. 519, sec. 24.

It is the duty of a railway company to establish depots, etc., and so operate its road as to afford the public reasonable safety and dispatch in the transaction of business. To effect this, and to accommodate those traveling its road or transacting business with the company, it is necessary that it should at all reasonable times provide a ready and convenient means of access to its stations and depots. To require those places to be fenced would cause delay and inconvenience to the public, and detract from the public character of railways. As said by the court in *Chicago and Grand Trunk Ry. Co.* v. *Campbell*, 47 Mich. 265: "The regulation for the fencing of the track is established for the public protection and convenience, and a case that incommodes the public is by implication excepted. It would be wholly unreasonable to obstruct with gates the passage of teams to and from the railroad warehouse, in order that cattle might safely go at large."

We hold, therefore, that the railroad company was not bound to fence in its road at a station. The contrary doctrine is not established by the case of *Chicago, Milwaukee and St. Paul R. R. Co.* v. *Dumser*, 109 Ill. 402. The judgment in that case was properly affirmed, as the railway company had failed to fence its road at the point where the animal got upon its track and was killed, that point being some distance from its depot or station. It was not necessary in that case to decide that the company was derelict in duty in failing to fence its track at the depot, where it received and discharged passengers and freights.

The judgment of the Appellate Court is therefore reversed and the cause remanded, with directions to reverse the judgment of the circuit court and remand the cause.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I dissent *in toto* from this opinion, and for an expression of my views on the questions involved reference is made to the opinion of this court in *Chicago, Milwaukee and St. Paul R. R. Co.* v. *Dumser*, 109 Ill. 402. The same section of the statute was construed in that case, and was directly involved. It is so stated in the opinion of the court, and no one expressed any dissent from that statement.

Mr. JUSTICE WALKER: I hold that the statute is so plain that it admits of no construction making any exceptions from its specific requirements.