# THE LOUISVILLE, ·EVANSVILLE AND ST. LOUIS CONSOLIDATED RAILROAD COMPANY

## v.

## WILLIAM SCOTT.

*Railroads—Negligence—Failure to Fence Tracks at Station.*

There is no negligence in a railroad company's failure to fence in its tracks at a station at which its trains stop for freight and passengers, which is situated in a hamlet laid off in lots and blocks but not incorporated.

636    APPELLATE COURTS OF ILLINOIS.

VOL. 34.]    L., E. & St. L. Cons. R. R. Co. v. Scott.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding.

The evidence in this case shows that appellant constructed a switch and established a station called Ellery on the line of its road, and a small hamlet was built up at this station, to and from which merchandise and other commodities were shipped. At the west end of the switch the cars of the company were left from which freight was delivered and ties unloaded, and between the ends of the switch, which constituted the depot and station grounds, the railroad was not fenced. The road was fenced each way from the ends of the switch. Ellery station is platted and laid off into lots, though not incorporated as a town, village or city. Main street of the plat so made crosses the road about twenty-five feet west of the depot. Appellee had hogs running at large, which were killed by the train of appellant about one hundred feet west of Main street, and between the ends of the switch within the limits of the station grounds and within the limits platted into lots and blocks, and near the point where lumber and ties were loaded and unloaded. On trial in the Circuit Court by the court, a jury being waived, a verdict and judgment was rendered for the appellee, and the record is brought to this court by appeal.

Messrs. CREIGHTON & COOPER, for appellant.

Messrs. HANNA & HANNA, for appellee.

PHILLIPS, J.   No negligence is imputed to appellant except the failure to fence its track and station grounds at the place where the injury occurred. The evidence shows that land was laid off into lots and blocks that comprised land lying along the switch and extending beyond the switch and depot grounds both east and west. Ellery is a station at which appellant's trains stop to receive and discharge passengers and freight and the evidence shows that the place where the

injury occurred was used by the railroad company and the public in receiving and discharging freight. The fact that Ellery was not an incorporated town, village or city can not affect the question. The railroad company is not bound to fence its roads at a station. C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114.

It is insisted with much earnestness that a different rule is laid down by the Supreme Court in C., M. & St. P. R. R. Co. v. Dumser, 109 Ill. 402. While that case seems to hold the duty is incumbent on a railroad company to fence its track at a station not in the limits of an incorporated town, village or city. yet in that case the lands adjacent to the depot grounds were not platted into lots and blocks. That case was referred to in the Hans case, *supra*, and the rule declared that a railroad company is not bound to fence its track at a station.

The judgment must be reversed, and as no cause of action is shown the case will not be remanded.

*Judgment reversed.*