CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY

v.

GEORGE ABNEY.

*Railroads—Negligence—Killing of Cow—Failure to Fence—Station Grounds.*

There can be no recovery from a railroad company for the killing of stock within the limits of unfenced station grounds, the same being required to be open for the convenience of the public, no negligence except failure to fence being alleged.

[Opinion filed February 26, 1892.]

Appeal from the Circuit Court of Saline County; the Hon. O. A. Harker, Judge, presiding.

Messrs. Boyer & Choisser, for appellant.

Mr. A. W. Lewis, for appellee.

Phillips, P. J. The appellee, as plaintiff, brought suit to secure damage for a cow killed on defendant's railroad. The evidence shows that Carrier Mills is a station on the railroad of defendant, comprising a hamlet consisting of a hotel, post-office, three or four stores and a small collection of houses with a population of from one hundred and fifty to two hundred inhabitants. At that station was a depot and side track, which side track was used by the public and the company in loading and unloading freight on the road "from time to time, every day or two, for the year round," as testified to by the plaintiff's witnesses. Within the limits of that side track and depot the cow was killed by a train passing in the night time on defendant's road. No negligence is charged to the defendant, except the failure to fence its track and station grounds at the place where the injury occurred. From the evidence, the side track was used by the public and the company in loading and unloading freight from time to time, every day or two, for the year round. In the case of C., B. & Q. R. R. Co. v. Haus, 111 Ill. 114, the court cites numerous decisions from other States and says: "It has been held in such cases that the railroad company is not bound to fence up such part of its depot grounds as are required to be open for the convenience of the public in the use of the road." In that case the court further held: "It is the duty of a railway company to establish depots, etc., and so operate its road as to afford the public reasonable safety and dispatch in its transaction of business. To effect this and to accommodate those traveling its road or transacting business with the company, it is necessary that it should at all reasonable times provide a ready and convenient means of access to its stations and depots. To require these places to be fenced would cause delay and inconvenience to the pub-

lic and detract from the public character of railways." The evidence shows the side track was used by the public and the company in loading and unloading freight, and when so used the company is not bound to fence its track at the station grounds. C., B. & Q. R. R. Co. v. Hans, *supra;* L. E. & St. Louis Con. R. R. Co. v. Scott, 34 Ill. App. 635.

The cow went upon the track within the limits of the station grounds and was killed. Under the facts appearing in this record the judgment must be reversed and the cause remanded.

*Reversed and remanded.*