CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAIL-
WAY COMPANY

v.

GEORGE MYERS.

*Railroads—Negligence of—Failure to Fence—Killing of Hog.*

1. A railroad company is not bound to fence its track at a point used by the public in the transaction of its business therewith.

2. In the absence of evidence of common law negligence, a person can not recover for injury to stock at a point which the company was not bound to fence.

3. The burden of proof is on the plaintiff to show that the place in question was required to be fenced.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of Saline County; the Hon. A. K. VICKERS, Judge, presiding.

Mr. W. H. DYE, for appellant.

Mr. A. W. LEWIS, for appellee.

SAMPLE, J.   Appellee's hog was killed by appellant's engine at a place called Carrier Mills.   The right of recovery is based on the failure of appellant to fence its track at that place.   The principal defense is that the company was not required to fence its track there.   The undisputed facts are that Carrier Mills is a station on the line of the appellant's road where it has a sidetrack, depot and cattle-pens as conveniences for the transaction of business for the public.   There is also a grain or warehouse near its sidetrack from which grain is loaded into its cars.   The village is unincorporated, but is laid out into lots, blocks, and streets.   The tracks run through the village from northeast to southwest, on each side of which there are buildings; the usual business of a country village is represented in its makeup.   The village is situated in a rich

agricultural and timber country which supplies large ship-
ments, and, as we think the evidence fairly shows, requires
substantially all the space along the sidetrack for the proper
and convenient handling of products brought to that station
for transportation. The hog in question was near the ware-
house, probably eating grain that had fallen to the ground in
loading it from the warehouse into appellant's cars, where the
hog was killed. There is no evidence to indicate where it got
on the track of appellant. The burden is on appellee to show
that the hog got on the right of way at a place where appel-
lant was required to fence its road. This, appellee has failed
to prove, and as no common law negligence is shown, the
plaintiff was not entitled to recover. In view of the numer-
ous decisions of our courts, the appellant was not required
to fence its track along the line of its switch, where, as the evi-
dence shows, the space was substantially all used by the pub-
lic in its transaction of business with the railroad company.
This doctrine is so well established in this State that it is not
necessary to reiterate the reasons upon which it is founded,
or to cite the authorities so familiar to the profession. Judg-
ment is reversed and the cause remanded.

*Reversed and remanded.*