CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAIL-
WAY COMPANY

v.

W. C. ROPER.

*Railroads—Negligence—Killing Stock—Unfenced Switch Yard.*

A railroad company is not bound to fence its tracks at points within the switch limits of stations where freight is received and discharged. No recovery can be had for the death of the cow in the case presented, it having occurred at such place.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Saline County; the Hon. A. K. VICKERS, Judge, presiding.

Mr. WILLIAM H. DYE, for appellant.

Mr. A. W. LEWIS, for appellee.

MR. JUSTICE PHILLIPS. This is an action for killing a cow owned by appellee, at the station of " Carrier's Mills," on appellant's road, and within the switch limits at that station. The point where the cow went on the track, and where injured by the train, was at a point where the switch yard was kept open for the convenience of the public for receiving and discharging freight, and necessary to the public to be kept open for that purpose. While there is no positive proof as to the exact place where the cow got upon the track, yet the evidence showing where she was found after being knocked off sufficiently shows that she went on the track near the grain house. The evidence also shows that the company and the public used the track at this point for receiving and discharging freight, and at such points within the switch limits of the station there is no duty on the railroad company to fence the track. To require such place to be fenced would cause delay and inconvenience to the public and detract from the public character of a railroad. C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114. No actual negligence is charged or proven, but the case was tried upon the theory that it was the duty of the railway company to fence its track at these points. There being no duty to fence the road, under this evidence no recovery can be had. The question as presented by this record has been frequently passed on by this court. L. E. & St. L. R. R. Co. v. Scott, 34 Ill. App. 635 ; C., C., C. & St. L. Ry. Co. v. Abney, 43 Ill. App. 92, and C., C., C. & St. L. Ry. Co. v. Myers, 43 Ill. App. 251.

The judgment must be reversed and cause will not be remanded.                                   *Judgment reversed.*