## Iowa Central Railroad Co. v. Gushee.

1. *Railroad Companies—Obligation to Fence.*—A station, not in an incorporated city or village, was located in a public highway. There was a platform, and near by were yards, cribs and a grain dump; there was no incorporated town with lots or blocks, and nothing else at the station except a store where tickets were sold. For many years it had been a flag station, and the business was so small that the public accommodation and convenience, presumably, did not require any building or shelter, as none was erected. *It was held* that no conditions existed that would exempt the railroad from the statutory requirement to fence its road.

2. *Railroad Company—Obligation to Fence.*—Where there was a highway on both sides of a railroad track, and the track is laid in one of them, *it was held*, that such a place is not excepted from the provisions of the statute requiring the railroad company to fence its track, and in this instance there is no exemption on account of public interests, because the usefulness of the highways would not be impaired by such fencing, and the public accommodation and convenience in their use did not require that the railroad track should not be fenced.

Memorandum.—Action for killing domestic animals. Appeal from the Circuit Court of Mercer County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

## STATEMENT OF THE CASE.

This was a suit begun by appellee against appellant to recover for killing two head of cattle at the station of Ogle, on the line of its road. The right is based on the claim that the cattle got upon the railroad and were killed at a place where the company was bound, under the statute, to fence its road. No attempt was made to show anything else which the law regards as negligence, or violation of duty on the part of appellant or any of its servants.

There was a judgment for the plaintiff, and the defendant appeals.

GRIER & STEWART, attorneys for appellant.

APPELLEE'S BRIEF, PEPPER & SCOTT, ATTORNEYS.

Under a statute exempting a railroad from fencing within the limits of a village, it was held that where an animal gets upon the track where it is unfenced, and at a place which is apparently beyond the limits of the village, and in consequence of so doing, is killed, the company is *prima facie* liable, and the burden is upon it to show that the place in question is within the limits of the village. Ewing v. Chicago & A. R. R. Co., 72 Ill. 25.

Whether the public convenience could not be as well subserved with the track fenced, as with it unfenced, is a question of fact. Chicago & E. I. R. Co. v. Guertin, 115 Ill. 466; Chicago & E. I. R. Co. v. Modesitt (Ind.), 24 N. E. Rep. 986.

A railroad company must fence its track, which is legally occupying a portion of a country road. Illinois C. R. R. Co. v. Trowbridge, 31 Ill. App. 190.

The general rule, without reference to statutory enactments, is stated to be that, although the place in question be in law a public place, still if, for any reason, it be not used, and is not likely to be used as such by the public, the road must be fenced. Thompson on Negligence, 521.

OPINION OF THE COURT, CARTWRIGHT, J.

This suit was begun by appellee, before a justice of the peace, to recover damages for the killing of a cow and heifer, at the station of Ogle, by a train of appellant. There was a recovery before the justice, and on appeal to the Circuit Court appellee again recovered the value of the cattle, and also attorney's fees.

The railroad, at the station in question, was laid in a public highway. Afterward there was a proceeding had for the purpose of changing the highway and laying it south of the railroad, and vacating that part north of the railroad. The commissioners of highways granted the prayer of the petition by indorsement upon it, and by their final order laid a highway fifty feet wide south of the railroad; but it is claimed by appellant that they did not vacate the old highway in which the railroad was laid. The old highway was left open, and extended about thirty feet north of the railroad, leaving an open strip of that width. This strip of land and the highway south of the railroad were eighty rods long, and the railroad was unfenced for that distance. About the center of that space there was a railroad platform, and near by were yards, cribs and a grain dump. There was no incorporated town with lots or blocks, and there was nothing else at the station except a store north of the old highway, where tickets were sold. The cattle were first seen upon the track near the east end of the open space, nearly forty rods east of the platform. The place where they came upon the track was unfenced, and no conditions existed that would exempt appellant from the statutory requirement to fence its road. The station was a very small affair. For many years it had been a flag station, and the business was so small that the public accommodation and convenience presumably did not require any building or shelter, as none was erected. It seems clear that the public would not require a distance of forty rods each way from the platform to be unfenced to afford convenient access to the station for the transaction of business done there, and therefore appellant was not relieved from the duty of fenc-

ing where the cattle came on the track on account of the station being where it was. C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114. So, also, with respect to the obligation to fence, it was wholly immaterial whether the old highway was vacated or not. If it be conceded that there was a highway on each side of the railroad, and that the track was in one of them, such a place was not excepted by the terms of the statute; and, applying the same reasonable rule laid down in the above case, there was no exemption on account of public interests, because the usefulness of the highways would not be impaired by such fencing, and the public accommodation and convenience in their use did not require that the railroad should not be fenced.

The cattle were seen by the fireman when the train was as much as five hundred feet from them. The train was a freight which had come down a steep grade, but had reached its foot, and was going up grade. The engineer was working steam, and made no effort to slacken speed, although the cattle were visible on the track, but continued at a rapid rate, much faster than the schedule time, not stopping at the station, and overtook the cattle near the platform, where they were killed.

In our opinion the evidence justified the verdict, and the judgment will be affirmed.

There was a motion by appellee to tax to appellant the cost of an additional abstract, and the motion was taken with the case. We regard the additional abstract as unnecessary, and the motion will be denied.