## Toledo, St. Louis & Kansas City Railroad Company v. Martin Franklin.

1. FENCING TRACK—*Depot Grounds and Switches Adjacent.*—A railroad is not bound to fence its depot grounds and the tracks and switches adjacent thereto, so far as their proper use and convenience requires that they should be left open for the transaction of its business with the public.

2. SAME—*What are Depot Grounds, etc.—A Question for the Jury.* —It is properly left to the jury to determine from the evidence whether such use and convenience requires they should be left open.

3. RAILROADS—*Fencing Track, etc., Obligatory.*—Railroad corporations in this State must fence both sides of their road outside of the limits of incorporated towns or villages with suitable fences, to prevent stock from getting on the track.

4. SAME—*Cattle-Guards—Fence.*—Where a cattle-guard is necessary to keep animals off of the track, such cattle-guard is to be deemed an essential part of a suitable and sufficient fence.

**Memorandum.**—Action for killing domestic animals. Appeal from the Circuit Court of Fayette County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

### STATEMENT OF THE CASE.

This was a suit brought in justice's court by appellee against appellant, to recover the value of a horse which was struck,

and killed on defendant's track, upon a bridge, by the engine of a moving train operated by the servants of defendant. The cause was tried on appeal in the court below, where a verdict for $85, as the value of the horse, and $35 as attorney's fee, in favor of the plaintiff, was returned, and judgment on the verdict was entered for $120 and costs of suit.

It was admitted on the trial, by defendant, that the horse was worth $85, and $35 would be a reasonable fee for the services of plaintiff's attorneys; that plaintiff owned the horse, and defendant, on February 26, 1893, owned and operated a line of railway passing through the incorporated town or village of Ramsey in said county, in an easterly and westerly direction; that on said day, upon a bridge east of the town or village over which said railroad ran, and upon which said horse had strayed, it was struck and killed by a train of cars operated by the servants of defendant; that the point where the horse was struck was 214 feet east of the east line of the corporate limits of Ramsey; that the horse entered upon defendant's right of way, west of the depot, and continued up the same on the south side and along said railway, until within about forty feet of the west end of the bridge, when it strayed upon the railway track, thence upon said bridge forty feet to the point at which it was struck and killed.

It was 1,900 feet from east end of defendant's depot in Ramsey to the east line of the corporate limits; from this depot on the north side of main track, a switch track extends east toward the bridge, and on the south side another switch track extends in the same direction to within 114 feet of east line of the corporate limits, and to a point 285 feet west of the west end of the bridge, intersecting and connected with the main track. The east corporate limit line crossed defendant's road 171 feet west of the bridge, and thus it appears that for a distance of 114 feet within the corporate limits, and continuing easterly beyond those limits, and beyond said side or switch tracks, was the main track of defendant's road. It was admitted also that said road had been open for use and in operation for several years next preceding the time of accident.

APPELLANT'S BRIEF, BAYLESS & GUENTHER AND CLARENCE
BROWN, ATTORNEYS.

A railroad company is not bound to fence up such part of
its depot grounds as are required to be open for the con-
venience of the public in the use of the road.   Swearingen v.
Missouri, Kansas & Topeka R. R. Co., 64 Mo. 73; Lloyd v.
Pacific R. R. Co., 49 Mo. 199; Morris v. St. Louis R. R. Co.,
58 Mo. 78; Davis v. Burlington R. R. Co., 26 Iowa, 529; J.
M. & I. R. R. Co. v. Beatty, 36 Ind. 19; Chicago & Grand
Trunk Ry. Co. v. Campbell, 47 Mich. 265; Flint Ry. Co. v.
Lull, 28 Id. 515; 1 Redfield on Railways, 469; Thompson
on Negligence, p. 519, Sec. 24.

In those places where there is no obligation to construct
a fence, the duty and the liability of the railroad company
are the same as at common law.   Smith v. Chicago, etc., R.
R. Co., 34 Iowa, 506; McPheeters v. Hannibal, etc., R. R.
Co., 45 Mo. 23; Peoria, etc., R. R. Co. v. Barton, 80 Ill. 72;
Indianapolis, etc., R. R. Co. v. Christy, 43 Ind. 144; Rob-
erts v. Gt. Western R. R. Co., 4 C. B. (N. S.) 506.

FARMER, BROWN & TURNER, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The horse got upon defendant's track at a point beyond
the corporate limits.   There was no fence or cattle-guard to
prevent the animal from passing along the right of way east,
over the east line of the town, and getting upon defendant's
track as it did.   It was proved, and is not denied, that de-
fendant failed to erect and mantain fences on the sides of
its main track outside of corporate limits, suitable and suf-
ficient to prevent stock from getting on its track outside
those limits, and if it had performed this statutory duty by
erecting side fences, and fences from there to the track,
with suitable cattle-guard there, plaintiff's horse could not
have strayed upon the track or bridge, and the accident
could not have occurred.

The negligence relied on to create liability for the value
of the horse, is defendant's failure to perform this statutory
duty.

Appellant contends that although that portion of its road across the bridge and up to the east corporation line of Ramsey is its main track, and is not within the limits of an incorporated town or village, yet it is exempted from the duty of fencing the same, notwithstanding the requirement of the statute, because it needs the use of that track for switching purposes, or proper handling of its trains, and a cattle-guard, if placed in this main track at the intersection of cross fences with the track, would jeopardize the safety of employes.

This court has held in C., C., C. & St. L. R. R. v. Roper, 47 Ill. App. 320, where a cow was killed within the switch limits, at a station in an unincorporated town, and the cow came on the track where switch yard was kept open for the public convenience, in receiving and discharging freight, and necessary to be kept open for that purpose, defendant was not required to fence its track there, and incurred no liability for failing so to do. Citing C. B. & Q. v. Hans, 111 Ill. 114; L. E. & St. L. R. Co. v. Scott, 34 Ill. App. 635; C., C., C. & St. L. R. R. v. Asbury, 43 Ibid. 92; Saur v. Myers, 43 Ibid. 251; I. C. R. R. Co. v. Kincey, 42 Ill. App. 390. It was held not necessary to fence track within what might be called depot ground, that is, such portion as was necessary for the switches and other purposes connected with the depot.

In T., St. L. & K. C. R. R. Co. v. Thompson, 48 Ill. App. 36, a case in which the same question of law was presented as in this case, and the facts were sufficiently similar to make the decision in point here, it was held defendant was not bound to fence its depot grounds and the tracks and switches adjacent thereto, so far as their proper use and convenience requires that they should be left open for the transaction of its business with the public. And it was further held that the jury were properly left to determine from the evidence whether such use and convenience did require they should be left open. The jury found against the railroad company, and the judgment entered and this finding was affirmed.

The law as announced in the case cited, is, that railroad corporations in this State must fence both sides of their road outside of the limits of incorporated towns or villages, with suitable and sufficient fences to prevent stock from getting on the railroad track, and where a cattle-guard is necessary, as in this case, to keep animals off, such cattle-guard is to be deemed an essential part of a suitable and sufficient fence. P. D. & E. R. R. Co. v. Schiller, 12 Ill. App. 443. The exception to this general rule, relieving the company of the statutory duty even in unincorporated towns and other places outside of town limits, is stated in the cases we have referred to. Did the facts in evidence show this unfenced and unprotected track of appellant to be one of the parts of its road it is not required to fence? It does not appear that the freight or passenger traffic of Ramsey was large. No elevators or warehouses were there to indicate a place at which considerable quantities of grain were received and shipped. There was a space of 1,900 feet in length from the depot, within the town limits, that could be used for the proper handling of appellant's trains at that place, amply sufficient for the transaction of its business with the public, without using any part of its main track outside those limits.

Those and other facts in evidence justify the verdict.

The refused instructions requested were properly refused, and the special interrogatories requested called for findings of evidentiary and not of ultimate facts, and were also properly refused.

The judgment is affirmed.