## Frank O. Butler, Plaintiff in Error, v. Aurora, Elgin & Chicago Railroad Company, Defendant in Error.

### Gen. No. 15,361.

1. RAILROADS—*construction of statute requiring construction and maintenance of fences and cattle-guards.* A third rail is an "agent" within the meaning of such statute which provides that the railroad shall be liable "for all damages which may be done by the agents, engines or cars of such corporation to such cattle * * * thereon."

2. RAILROADS—*when not obligated to fence right of way.* A railroad company is not obligated to maintain a fence on or in front of a platform used as a station which shall be sufficient to prevent cattle from going over such platform to the right of way.

Tort. Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 10, 1910.

**Statement by the Court.** Plaintiff brought in the Municipal Court an action of tort against defendant to recover damage for the killing of his cow. The cause was submitted to the court and there was a finding of not guilty and judgment on the finding. There is no controversy as to the evidentiary facts.

Spring road, a north and south road, crosses the defendant's double track electric railroad at right angles. Defendant's right of way is 100 feet wide. On the west side of Spring road is a fence extending from the south line of the right of way to the south rail of the south track, where it connects with a cattle-guard made of corrugated tiling which extends north twenty-four feet "to a platform used by passengers in taking trains on the west-bound tracks." The platform is reached from Spring road over a cinder walk which is practically on a level with the platform. The side of the platform, next to the right of way, is sixteen inches higher than the roadbed. The cow got on the right of way, either by passing over the cattle-guard or by passing over the station platform, and came in contact

with a "third rail," carrying an electric current, and thereby was killed. By the statute, "every railroad corporation" is required to "erect and maintain fences on both sides of its road, or so much of it as is open for use, suitable and sufficient to prevent cattle  *  *  * from getting on such railroad, except at the crossings of public roads and highways, and within such portion of cities and incorporated towns and villages as are or may hereafter be laid out and platted into lots and blocks,  *  *  *  and to construct and maintain at all road crossings  *  *  *  cattle-guards  *  *  *  and when such fences and cattle-guards are not made,  *  *  *  such railroad corporations" are made liable "for all damages which may be done by the agents, engines or cars of such corporation to such cattle  *  *  *  thereon," etc.

ASA Q. REYNOLDS, for plaintiff in error.

HOPKINS, PEFFERS & HOPKINS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The statute provides that in case of a failure to comply with its provisions, a railroad corporation shall be liable for damages which may be done, "by the agents, engines or cars" of the corporation to animals on its railroad. One of the meanings of the word "agent" is, "An active power or cause; that which has the power to produce an effect; as a physical, chemical or medicinal *agent;* as heat is a powerful *agent.*" Webster's Dictionary. We think that the electric current with which the third rail was charged was an "agent," used and employed by the defendant, within the meaning of the word as used in the statute.

It appears from the "statement of facts" that the platform north of the track was "used by passengers in taking trains on the west-bound track." It was, we think, a passenger station of the defendant. The only statement in the "Statement of facts" to show how the

cow got on the right of way is the following: "The evidence does not show whether the cattle (including the cow in question) reached the right of way of the defendant by passing over the cattle-guards, or by getting on the station platform and jumping from the platform." As the cow may have gone on the right of way over the station platform, defendant is not liable under the statute unless it was bound to fence in its road; to maintain a fence on or in front of the platform sufficient to prevent cattle from going over the platform on to the right of way. In C. B. & Q. R. R. Co. v. Hans, 111 Ill. 114, it was held that the railroad company, under the statute, was not bound to fence in its road at a station. In the opinion, referring to the case of C. M. & St. P. R. R. Co. v. Dumser, 109 Ill. 402, relied on by plaintiff in error, it was said: "It was not necessary in that case to decide that the company was derelict in its duty in failing to fence its track at the depot where it received and discharged passengers and freight." We regard the decision in C. B. & Q. R. R. Co. v. Hans as conclusive against the liability of the defendant in this case under the statute.

We find in the statement no facts from which the court might properly find that the defendant was guilty of common law negligence, and the judgment will be affirmed.

*Affirmed.*