36 409
31a 198

## St. Louis, Alton and Terre Haute Railroad Co.
### *v.*
### Samuel Todd.

1. Agreement—*fencing railroads.* A verbal agreement between a property owner, through whose field a railroad passed, that if the company would erect certain cattle-guards, they need not fence the sides of their road, and he would not claim damage for injury done by the road to his stock getting thereon from the field, does not pass to or bind his grantee of the premises.

2. Negligence—*relative.* Negligence is relative, and although a plaintiff has been guilty of negligence, he may hold the defendant liable, if he has been guilty of a higher degree of negligence, in producing the injury. Slight negligence on the part of a plaintiff does not absolve a defendant from the use of care and all reasonable efforts to avoid the injury; it does not license him to destroy plaintiff's property.

3. Railroad—*fences.* The failure of a railroad company to fence their track as required by the statute, is negligence. It was also negligence in the owner of horses to place them in a field through which an unfenced railroad passed, having on blind bridles. He had the right to place them in the field, but not so blinded that they would be incapable of avoiding danger. The question of the degree of negligence of the two parties, is one for the determination of the jury.

4. Instruction. The court should have given an instruction, that if it was proved that the plaintiff was guilty of negligence, the railroad company would only be liable for negligence which implies willful injury. But a failure of the company to fence their road, and the killing of property thereon, which could be avoided by reasonable efforts, would amount to such injury But this is a question for the jury.

Writ of Error to the Circuit Court of Coles county; the Hon. Charles H. Constable, Judge, presiding.

26 — 36 Ill

This was an action on the case, brought by Samuel Todd against the St. Louis, Alton and Terre Haute Railroad Co., to the September term, 1864, of the Coles Circuit Court. The action was for negligence, in killing two horses of plaintiff on their road, by reason of a failure of the company to fence their road, as required by the statute. On the trial in the court below, plaintiff proved that he owned the horses; that they were killed by a locomotive on the defendant's road; that the road ran through a field which plaintiff was cultivating, and in which he had turned his horses.

He also proved that the field was fenced on its exterior lines, but the company had no fence along the side of their road to keep stock from the track. That it was not in a village, town or city, and was not five miles from a settlement where the horses were killed. He proved that the horses were worth $125 each.

Defendants proved that in 1862, Messer, who then owned the land, entered into a verbal agreement with the company, that if they would have cattle-guards erected on each side of the field, he would not hold the company responsible for any injury to stock that might be injured or killed on the road, inside of the field, and that the company had erected the cattle-guards. They also proved that plaintiff's horses had on blind-bridles at the time they were killed.

It appears that Messer sold the premises to Mary C. Serine, and that she had leased the field to Samuel Proctor, under whom plaintiff was cultivating a crop on shares.

The court, at the request of the plaintiff, gave the following instructions:

1. If the jury believe, from the evidence, that the defendant, by its engineer, willfully or negligently killed the horses of the plaintiff, they will find the defendant guilty.

2. If the jury believe, from the evidence, that the plaintiff's horses got upon the track of the defendant's road, at a point other than a road crossing, and not in a village, town or city, and were killed by the defendant's engine, in consequence of the defendant's neglect to fence or procure to be fenced its

road at the point where the plaintiff's horses got upon the same, they will find the defendant guilty.

3.  If the jury believe, from the evidence, that the defendant's servant, by the exercise of a reasonable prudence and caution, could have avoided killing the horses of the plaintiff, they will find the defendant guilty.

4.  Although the jury may believe, from the evidence, that the defendant and Daniel Messer, in the spring of 1862, entered into a verbal contract whereby it was agreed between them that the railroad company would erect cattle-guards at the points where the respective lines of his land crossed the railroad, and was to erect no fencing along the line of said road between his land and that of the company, and that Messer should turn no stock upon his said land, and that if he did, and any damage should be done, then he was to claim no damage therefor — yet if they also believe, from the evidence, that after the making of said agreement, and before the injuries complained of in this suit, said Messer conveyed said land to Mary C. Serine, and that she afterwards leased the same to Proctor, and he permitted the plaintiff to put his horses thereupon, then such contract so made between Messer and the defendant, cannot, in any degree, affect the rights of the plaintiff in this suit, and the same should be disregarded by the jury.

5.  If the jury find the defendant guilty, they will assess the plaintiff's damages at the value of the horses killed.

The court was requested by defendant to give these instructions:

1.  That if they believe, from the evidence, that the negligence of the plaintiff was the direct or proximate cause of the killing of the horses, the law is for the defendant, and they must so find, unless the railroad company was guilty of a still greater degree of negligence.

2.  If the jury find, from the evidence, that the defendant contracted with Daniel Messer to fence the road, (and he received a specified compensation therefor,) at a point where the horses were grazing and got upon the road, and that said Messer was the owner of the land or field where the railroad crossed ·

when said contract was entered into, then that contract would bind the heirs and assigns of said Messer, and those holding under him or them.

3.    The court instructs the jury that the promise on the part of the railroad company to construct two cattle-guards, would constitute a sufficient consideration for Messer's promise to fence the ground and road in question, and the contract will bind the heirs and assigns of Messer and those holding under them as it would bind Messer himself.

4.    If the negligence on the part of the plaintiff has been proven in this suit, then the railroad company is only responsible for gross negligence, which implies willful injury.

5.    If the jury believe, from the evidence, that Messer owned the field in which the horses were grazing, in 1862, and as such owner, he contracted with the railroad company to construct a fence inclosing the field in question, for a valuable consideration, that contract would exonerate the railroad company from the duty of fencing the railroad, in compliance with the provision of the statute of 1855, and the contract would enure to and be binding upon the heirs and assigns of said Messer, and those holding under them.

The 3rd, 4th and 5th of which were refused by the court, to which ruling the defendant then and there excepted.

The cause was then submitted to the jury, who rendered the following verdict: "We, the jury, find the defendant guilty, and assess the damages at $250."

Defendant then moved for a new trial, and filed the following grounds :·

1.    The verdict of the jury is contrary to and unauthorized by the evidence in this cause.

2.    The verdict of the jury is against the law governing the facts in said cause.

3.    The verdict of the jury is against the law and the evidence.

4.    Because the damages assessed are excessive.

5.    The court erred in allowing the instructions asked for by plaintiff.

6.    The court erred in refusing instructions numbers 3, 4 and 5, asked by defendant.

Which motion was overruled by the court, and to which ruling defendant then and there excepted.

Whereupon the court rendered judgment against plaintiffs in error in favor of the defendant in error for $250, and costs of suit.

Plaintiffs in error prosecute this writ to reverse the judgment of the court below, and assign the following errors:

1.    The court erred in allowing the instructions asked for by plaintiff.

2.    The court erred in refusing the 3rd, 4th and 5th instructions asked for by defendant.

3.    The court erred in overruling defendant's motion for a new trial herein.

4.    The court erred in overruling defendant's motion in arrest of judgment.

5.    The verdict of the jury is manifestly against the evidence in said cause.

6.    The verdict of the jury is contrary to law, and excessive.

7.    The judgment of the court is contrary to the law and the evidence.

Mr. Ballard Smith, and Messrs. Wiley & Bocker, for the Plaintiffs in Error.

Messrs. Ficklin & Scholfield, for the Defendant in Error.

Mr. Chief Justice Walker delivered the opinion of the Court:

It is insisted that the verbal agreement between Messer and the company passed with the land, and became binding upon his assignees and those holding under them. For aught that appears, Mrs. Serine may have had no notice of the agreement, and even if she had, we are at a loss to perceive how a mere

verbal agreement of her grantor could affect her rights. The law imposes the duty upon the company of fencing their road, so as to prevent stock from getting upon it. And a mere agreement, or verbal license of an owner, releasing them from that duty, however valid and binding on them, cannot affect the rights of other persons not parties or privies. Strangers to the agreement could not be bound by it, and there is no evidence that Mrs. Serine, or defendant in error, ever became parties or privies. There was no covenant or agreement on her part to keep and perform Messer's agreement. It is not pretended that it is a covenant that runs with the land. It was, at most, a mere personal agreement, binding alone on Messer and the company, and was not assignable like commercial paper nor did it attach, or in any manner become annexed to, the land.

Had there been no agreement between Messer and the company, and the road had not been fenced, it is manifest that the company would have been liable for injury to stock getting upon the road. And we see that the company have not complied with the requirements of the law, nor have they been released from liability by any person but Messer. If before he sold, other people's stock had entered this field through Messer's fence, and been injured, we are at a loss to see how the company could have defended against an action by the owner. Nor do we perceive any difference in the cases.

It is, however, insisted that the court below should have given defendant's fourth instruction. It is this: "If negligence on the part of the plaintiff has been proved in this suit, then the railroad company is only liable for gross negligence, which implies willful injury." Some of the adjudged cases go the length of holding, that whenever the plaintiff has, by his negligence, contributed to the injury complained of, he has no right to a recovery. But the rule of this court is, that negligence is relative, and that a plaintiff, although guilty of negligence which may have contributed to the injury, may hold the defendant liable, if he has been guilty of a higher degree of negligence, amounting to willful injury. The fact that a plain-

tiff is guilty of slight negligence, does not absolve the defendant from the use of care and all reasonable efforts to avoid the injury.   The negligence of the plaintiff does not license the defendant to wantonly or willfully destroy plaintiff's property. Each party must be held to the use of all reasonable efforts to avoid the injury, and the negligence of one party does not absolve the other from diligence and caution.

The company being bound to fence their road, and having failed to perform that duty, were consequently guilty of negligence.   It appears that defendant in error turned the horses into the field with blind-bridles on, which would seem to be an act of negligence.   The failure of the company to perform their duty, did not authorize other persons to place stock on their road, or to place them so that they would necessarily or most likely get upon the track.   Nor did it absolve other parties from using ordinary care to prevent them from getting upon the road.   The owner, no doubt, had the right to turn his horses into the field, but in doing so he should not have blinded them, so that they would be incapable of avoiding the danger.   If his so placing the horses in the field was greater negligence than that of the company in not fencing, or if his negligence rendered it impossible, with the highest degree of diligence which employees of the road could exercise, to prevent the injury, then he would have no right to recover.   But the company being in default, by not fencing, and that being negligence, the negligence of the owner did not excuse them from the use of every reasonable means within their power to avoid the injury.   And the failure of the company, in the employment of such means, would be gross carelessness, amounting to willful negligence.   These are proper questions to be considered by the jury, and this instruction, we think, fairly presented them, and it should have been given ; and for this error the judgment of the court below is reversed, and the cause is remanded.

*Judgment reversed.*