## TERRE HAUTE & INDIANAPOLIS RAILROAD CO.

### v.

## ANDREW J. BOWLES ET AL.

RAILROAD NEED NOT FENCE NEAR DEPOT.—Where stock was killed near the depot of an unincorporated village. *Held*, that the railroad company is not bound to fence the grounds about a station. Ch. 114, § 48 of the Revised Statutes, is not to be construed to embrace depots and stations.

APPEAL from the Circuit Court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding. Opinion filed April 6, 1885.

Messrs. ASHCRAFT & STILLMAN and Mr. JOHN G. WILLIAMS, for appellant; cited C., Mil. & St. P. R. R. Co. v. Dumser, 109 Ill. 402; C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114.

Mr. B. W. HENRY and Mr. S. A. PRATER, for appellees.

WALL, J. The plaintiff's demand consists in part of the item for a cow killed by the train of defendant, and the right to recover depends upon whether, at the point where the animal came on the track, the defendant was bound to maintain a fence. The point in question was at a regular station called Hagerstown. There is at this place the usual depot building and platform on the north side of the main track. On the south are switches, stock pen, etc. Hagerstown is a village not incorporated, the most, if not all, of which is south of and near to the road. It is a point of considerable ship-

ping for stock and grain, and for the receipt of freight, such as agricultural implements and machinery in car lots. The record contains a plat of the locality, and from this and the statements of the witnesses it is quite apparent that the unfenced ground about the depot building, switches, etc., is no greater in extent than is reasonably necessary for the accommodation and convenience of the public in going to and from passenger trains, and in receiving and shipping freight in parcels or car lots.

Was the company bound to fence the grounds about the station under the provisions of our statute, Sec. 48, Ch. 114? The plaintiff insists this question must be answered in the affirmative, and that the defendant is, therefore, liable for the value of the animal. In the case of C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114, which has been published since the case at bar was tried, the Supreme Court placed a construction upon this statute. It was there said that the statute, by its terms, relates to the *road* or tracks of the railroad; that it ought not to be construed to embrace that which is not within its terms, and that depots and stations are not so embraced; that at such a point the main feature is not the track, and that if the statute were held to embrace the station, passengers would be under the necessity of climbing the fence, since there was no provision requiring gates or bars except at farm crossings.

It was further said that in other States, where the same question had arisen, it had been held that the company is not bound to fence up such part of its depot grounds as may be required to be open for the convenience of the public in the use of the road. The court further say that it is the duty of the railway company to establish depots and so operate the road as to meet the public wants and afford reasonable safety and dispatch in the transaction of business, and to this end there should be ready and convenient means of access to its stations and depots; that to require those places to be fenced would cause delay and inconvenience to the public, and detract from the public character of railways  That the regulation for fencing of the track is established for the public

protection, and a case that incommodes the public is by implication excepted, and that it would be unreasonable to obstruct with gates, the passage of teams to and from the railroad warehouses in order that cattle might go at large in safety.

Applying the statute thus construed to the undisputed facts in the case before us, we are constrained to say that the defendant was not bound to maintain a fence at the point in question, and that the ruling of the circuit court in this respect was erroneous.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.