THE SOUTHEAST & ST. LOUIS RAILROAD COMPANY

v.

WILLIAM N. STOTLAR.

*Railroads—Negligence—Rate of Speed—Personal Injuries.*

1.  To walk upon a railroad track without looking in both directions to
discover approaching engines or trains, where the exercise of such precau-
tion would discover the one or the other, is such negligence as will prevent
a recovery for injury suffered, unless the injury was wilfully or wantonly
inflicted.

2.  The reckless conduct of the plaintiff upon the occasion of his injury
precludes a recovery in the case presented.

[Opinion filed February 26, 1892.]

IN ERROR to the Circuit Court of St. Clair County; the
Hon. B. R. BURROUGHS, Judge, presiding.

This is an action on the case brought by defendant in error
against the plaintiff in error to recover for personal injuries
received by him while on the track of the road of the plaint-
iff in error, he being struck by an engine of the Louisville &
Nashville Railroad Company.  The evidence shows that the
track of the railroad is parallel to and adjoining Fourth street,

in the city of East St. Louis, and separated from the street by a ditch from two to three feet deep, and five to six feet wide at the top, and where the track is parallel with the street it is two to four feet above the level of the street. The defendant in error was driving some hogs from the depot of the Cairo Short Line road to the stock yards in East St. Louis. The hogs were being driven along Fourth street, where it is parallel to the railroad, and his own testimony is, that he walked along that track for a quarter of a mile and some hogs crossed over the main track of the railroad and went under some cars standing on a side track north of the main track and he stooped under these cars and moved along in that position twenty or thirty feet looking under the cars on the side track for his hogs, when he was struck and injured. It appears from his evidence that noise was being made by an engine near on another road blowing off steam, and while he was so on the track he did not look back to see whether any train was approaching.

One witness, Frank Siebring, called by the defendant in error, states that the defendant in error was driving hogs along Fourth street, and some of them got across the track and went under the cars on the side track and he, defendant in error, followed them, crawled under the cars after the hogs, ran around the cars one car length and came through under the cars and put one foot on the main track and did not take more than two steps when he was struck by the engine and knocked off. This last witness is corroborated by a witness, Tavey Owens, called by defendant in error. This is the only evidence in the record as to the circumstances of the striking. The defendant in error files his declaration containing one count, and the allegation in that is as follows:

"For that, whereas, the defendants, on the 21st day of April, 1886, owned and were operating a certain railway in said city and had a part of their main track running along, immediately joining Fourth street of said city, a much traveled thoroughfare, which track, by right, should have been fenced and separated from said street in order to avoid accidents and injuries to persons using said street by the operation of defendants' said rail-

way; and plaintiff avers that an ordinance of said city was then in force limiting the speed of locomotives to five miles an hour; and the plaintiff further avers, that while he was then and there driving a lot of hogs, cattle and sheep, commonly called live stock, on and along said Fourth street, with due care and diligence, a portion of said stock unavoidably ran and got upon said track, and while the plaintiff was diligently endeavoring to drive said stock off said track, and back on said street, a certain locomotive of defendants, running at a high rate of speed, to wit, twelve miles an hour, was recklessly and wilfully driven against the plaintiff, and struck him with great violence," etc.

There was no evidence introduced in regard to the existence of such an ordinance as alleged. The Ohio & Mississippi Railroad runs for some distance parallel to the road of plaintiff in error, and the space between the two roads is filled in with switches at and near the point where defendant in error was injured. At about the time the defendant in error was injured, a train was passing on the Ohio & Mississippi Railroad, in an opposite direction to that which struck the defendant in error on the road of plaintiff in error. The weight of proof shows the train was not running to exceed from six to eight miles an hour. The engineer saw a hog across the track and a man cross and go under a car on the side track some two hundred or three hundred feet ahead of his engine, but did not see him come from under the car, though he kept a close lookout in front of the engine. The evidence is that a person coming on the track within fifteen or twenty feet of the engine can not be seen by the engineer from his cab.

The train could have been seen more than four hundred feet, and the smoke stack of the locomotive for more than six hundred feet from the point where the collision occurred.

Mr. J. M. HAMILL, for plaintiff in error.

Mr. M. MILLARD, for defendant in error.

PHILLIPS, P. J. Numerous errors are assigned on this

record, but we deem it necessary to consider only the question as to whether the defendant in error exercised that degree of care and caution for his personal safety that an ordinarily pru dent man would have done in like circumstances. If we take his own evidence as disclosing the facts, he was walking on the track of a railroad near where there were other roads on which trains were passing, making great noise, and he did not look back or exercise any caution to avoid danger. If we take the testimony of other witnesses who witnessed the accident, he came from under a car and started to walk along the track and used no precaution to ascertain whether an engine or train was approaching. There is no evidence tending to show that the employes of plaintiff in error wantonly or wilfully caused the injury.

It has been repeatedly held that to walk upon the track of a railroad without looking in both directions to discover approaching engines or trains, where the exercise of such precaution would discover either the one or the other, is such negligence as will preclude a recovery unless the injury be wilfully or wantonly inflicted by defendant. Austin v. C., R. I. & P. R. R. Co., 91 Ill. 35; C. & A. R. R. Co. v. Gretzner, 46 Ill. 82; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C., B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; C., R. I. & P. R. R. Co. v. Bell, 70 Ill. 106; L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 529; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; I. C. R. R. Co. v. Hall, 72 Ill. 222.

The reckless conduct of the defendant was such negligence that it will preclude a recovery. The judgment is reversed.

As a result of the finding of this court in finding the facts as not sustaining a cause of action, the following facts are incorporated in this record:

The plaintiff in error was not guilty of the negligence charged in the declaration. The injury received by the defendant in error was the result of the want of ordinary care on his part.