## Wabash Railroad Company v. John Howard, a Minor, by his Next Friend, Charles Howard.

1. RAILROAD COMPANIES—*Fencing Depot Grounds.*—A railroad company is not required to fence such parts of its depot grounds as are required to be kept open for the convenience of the public in the use of the road, but the mere convenience of the company is not a sufficient reason for not fencing.

2. SAME—*Animals Coming upon the Track Where They Are Not Bound to Fence.*—A railroad company is not liable for killing a domestic animal which comes upon its track at a place where it is not required by law to fence its track.

3. SAME—*The Question as to What the Public Convenience Requires.*—In an action for killing stock the question as to whether or not more of the track was left unfenced than was necessary so far as the public use and convenience were concerned, is for the determination of the jury under proper instructions.

4. INSTRUCTIONS—*When a Party Can Not Complain.*—A party can not complain of a fault in an instruction given for his adversary when he has asked and obtained an instruction faulty in the same respect.

**Memorandum.**—Action for killing a horse. In the Circuit Court of Christian County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for the plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

JNO. G. DRENNAN and GEO. B. BURNETT, attorneys for appellant.

RICKS & CREIGHTON and J. C. McBRIDE, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in favor of the appellee for damages occasioned by the killing of his horse by a train passing over appellant's road.

The accident occurred at Willey Station, a small unincorporated village. Along the west side of the railroad there was a fence, but on the east side there was none provided by

the company. For a part of the distance on this side it was entirely proper to have the grounds unfenced, under the rule laid down in the Hans case, 111 Ill. 114, and followed in subsequent cases, but the question was how far the proper use and convenience of the depot grounds, tracks and switch, as between the company and the public, required this unfenced portion to extend.

It is quite clear that more was left open than was necessary, so far as the public use and convenience were concerned, and it is a matter of some uncertainty just where or from which direction the horse came on the track, or where it was struck.

The question of fact, then, was two-fold, and was for the jury under proper instructions. After a careful reading of the record, the abstract not being very clear, we think there was evidence sufficient to justify the jury in finding that the point where the animal came on the track, as well as the point of collision, was beyond the space that should have been left uninclosed.

Objection is taken to an instruction for plaintiff because it implies, as counsel say, that if the animal was killed at a point where a fence was required it is not material where it came on the track. This is hardly a fair reading of the instruction. It evidently means that the place of coming on the track *and* the place of killing must be where a fence was required. But if it were possible for the jury to misunderstand this instruction in the way supposed, the third given for defendant distinctly informed the jury that unless " the horse came on the track at a point where, by law, a fence was required," the plaintiff could not recover.

We need not, therefore, discuss the question whether the company would be liable if the horse came on the road at a point where a fence was not required, but proceeded to a point where a fence was necessary and was there run upon and killed, and the suggestion that in such case there would not be liability, though there would be if the place of coming on the road was where a fence was necessary, may be passed without further consideration. Another objection

to this instruction is that it leaves it to the jury to determine the "point where, under the law, it was the duty of defendant to fence."

It is a sufficient answer to say that by the next instruction for the plaintiff, as well as several given for the defendant, the jury are quite fully advised as to the rule of law to be applied in ascertaining such necessary place for fencing. Another answer is, that in the third instruction for defendant as above quoted, almost the same form of expression appears; and it is a rule of frequent application that a party can not complain of a fault in an instruction given for his adversary when he has asked and obtained an instruction faulty in the same respect.

It is urged that the third instruction for the plaintiff was misleading, but we are unable to see the force of the objection. A further objection is, that the court modified three of the instructions asked by defendant so as to exclude the suggestion that the company need not fence at a point where its own convenience would be best served by having the space unfenced. The doctrine announced in the Hans case was that the railroad company is not required to fence such parts of its depot grounds as are required to be open for the convenience of the public in the use of the road; but we do not understand that the mere convenience of the company is a sufficient reason for not fencing. This station had a short stub-switch, which was used for loading grain, etc., and a long switch, known as a passing switch, or a siding. The one was for the use and convenience of the public, the other for the convenience of the company, and mainly, as we infer, to facilitate the passing of trains.

Where a side-track is much used for switching purposes it might be dangerous to employes to have cattle guards intervening and this might, perhaps, furnish an excuse for extending the open space, as to which no opinion need be now expressed, but the mere convenience of the company would not be sufficient.

The judgment will be affirmed.