## Cleveland, C., C. and St. L. R. Co. v. A. E. Umphenour.

1. RAILROAD COMPANIES—*Where not Required to Fence.*—A railroad company is not required to fence its track at places where such fence interferes with its own rights in operating its road or endangers the lives and limbs of its employes, or where the convenience of the public in dealing with the company requires such place to be kept open.

**Action** for killing domestic animals. Appeal from the Circuit Court of Vermilion County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 21, 1895.

H. M. STEELY, attorney for appellant.
It is not sufficient for plaintiff to show that the animals

were killed at a point where the railroad company was required to fence; he must show and prove by a preponderance of the evidence that the animals entered upon the right of way at a point where the railroad company was required to erect and maintain fences or cattle-guards. The place where they were struck or killed is immaterial. They may have got on at one of the excepted places. G. W. R. R. Co. v. Morthland, 30 Ill. 451; M. & O. R. R. Co. v. Moore, 34 Ill. App. 519; Bremmer v. G. B., S. P. & N. R. R. Co., 61 Wis. 114; Snider v. St. L., I. M. & S. Ry. Co., 73 Mo. 465; W., St. L. & R. Ry. Co. v. Treets, 96 Ind. 450; Morrison v. N. Y., etc., R. Co., 32 Barb. (N. Y.) 568; L. E. & W. Ry. Co. v. Kneadle, 94 Ind. 454.

Notwithstanding the statute, it has always been held in this State, and in other States under similar statutes, that railroads are not required to fence their station and depot grounds and places where it is required to be open for the convenience of the public, even though not within the limits of an incorporated city, town or village, or at a highway crossing. C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114; L. E. & St. L. C. R. R. Co. v. Scott, 34 Ill. App. 635; C., C., C. & St. L. Ry. Co. v. Abney, 43 Ill. App. 92; T., St. L. & K. C. R. R. Co. v. Franklin, 53 Ill. App. 632; C., C., C. & St. L. Ry. Co. v. Myers, 43 Ill. App. 251; C., C., C. & St. L. Ry. Co. v. Roper, 47 Ill. App. 320; T. H. & I. R. R. Co. v. Bowles, 16 Ill. App. 261; I. C. R. R. Co. v. Williams, 27 Ill. 48; G. & C. N. R. R. Co. v. Griffin, 31 Ill. 303; T. W. & W. R. R. Co. v. Chapin, 66 Ill. 504; T. W. & W. R. R. Co. v. Spangler, 71 Ill. 568.

Where animals get upon track at a point where the company is not required to fence, plaintiff can not recover unless it is shown that the injury resulted from a want of ordinary care upon the part of the servants of the company. In other words, there must be proof of negligence. P., D. & E. R. R. Co. v. Dugan, 10 Brad. 233; I. C. R. R. Co. v. Bull, 72 Ill. 537; G. W. R. R. Co. v. Morthland, 30 Ill. 457; C. & N. W. R. R. Co. v. Barrie, 55 Ill. 227; I. C. R. R. Co. v. Phelps, 29 Ill. 447.

The company is not required to fence its road or put in

cattle guards at such places where to fence would interfere with its own right in operating its road or transacting its business, nor where the rights of the public in doing business with the company would be interfered with, nor where such fencing would imperil the lives of its employes.   R. R. Co. v. Oestel, 20 Ind. 231; Ry. Co. v. Rowland, 50 Ind. 349; Ry. Co. v. Crandall, 58 Ind. 365; R. R. Co. v. Wood, 82 Ind. 593; R. R. Co. v. Willis, 93 Ind. 507; R. R. Co. v. Chapin, 66 Ill. 504; McKinley v. R. R. Co., 47 Iowa 76; Ewing v. R. R. Co., 72 Ill. 25; Tracey v. R. R. Co., 38 N. Y. 433; Swearingen v. R. R. Co., 64 Mo. 73; L. E. & W. Ry. Co. v. Kneadle, 94 Ind. 454; Ft. W. & C. R. R. Co. v. Herbold, 99 Ind. 91; P. R. R. Co. v. Mitchell, 124 Ind. 473.

Where fence is needed on but one side, or it is only practicable to fence on one side of a railroad, no fence need be erected on the other, and the railroad company is not liable under the statute.   I., B. & W. Ry. Co. v. Leak, 89 Ind. 596; W., St. L. & P. R. R. v. Nice, 99 Ind. 152.

M. W. THOMPSON, attorney for appellee.

The statute of this State requires all railroad corporations, within six months after any part of its line is open for use, to erect and thereafter maintain fences on both sides of its road, suitable and sufficient to prevent stock from getting on their road, except at certain points, and it is not claimed that this is one of the excepted points, and the Supreme Court says : " The courts would be reluctant to enlarge by construction the number of excepted places; most certainly, unless where the literal application of the statute would work such great public inconvenience, it would be held the legislature could not have intended it should apply."   C., M. & St. P. R. R. Co. v. Dumser, 109 Ill. 407; St. L. & S. E. Ry. Co. v. Casner, 72 Ill. 385; C. & A. R. R. Co. v. Engle, 84 Ill. 397.

OPINION PER CURIAM.

The question here is whether the railroad company was required to maintain a fence at the point where the plaintiff's horses came upon the track.   According to the proof

the railroad runs along the south side of an unincorporated village. The depot building, water tank, stock pens, grain elevators and switches are all situated within a space that is unfenced. According to the uncontradicted proof so much of that space as lies between Griggs street and Main street extended across the railroad, which includes the place where the animals came on the track, is necessarily required for the purposes of transacting the business of the road in receiving and discharging freight and in switching cars. The testimony is not conflicting on this point nor on the point that a cattle guard with wing fences within this space would seriously endanger the employes of the company in doing the switching work constantly required there.

In the case of C., B. & Q. R. R. Co. v. Hans, 111 Ill. 114, it was held that the company was not bound to fence so much of its track at stations not within incorporated municipalities as is required to be open for the convenience of the public in dealing with the road. This ruling has been followed by the Appellate Courts in many reported cases. T., St. L. & K. C. Ry. v. Franklin, 53 Ill. App. 632, and cases cited. The controlling consideration as stated in those cases, is the necessity arising from the relations between the company and the public, and the right of the latter to have convenient access to the road at stations.

In the case of C. & E. I. R. R. Co. v. Guertin, 115 Ill. 466, it was sought to show that the safety of employes required the space to be left open and error was assigned upon the exclusion of offered proof to that effect, but the court found it unnecessary to pass upon the question and it was not directly decided. In E. & T. R. R. Co. v. Willis, 93 Ind. 507, the point was directly before the court and it was held that under such circumstances a fence was not required. It was said to be well settled law that a railroad company is not required to fence its road when such fence interferes with its own rights in operating its road or in transacting its business, nor when the rights of the public in traveling or doing business with the company are interfered with, and that if the company is not required to fence when its rights in running trains or transacting its business are thereby

infringed there is greater reason for holding that it should not be required to fence where the lives and limbs of employes would be thereby endangered. We are not prepared to hold that the mere inconvenience of the company in operating its road or in performing its immediate duties to the public would excuse it from building a fence required by the statute, or that such consideration would warrant a construction of the statute to that effect. It does, however, seem clear that in ascertaining what portion of its grounds at stations should be left open in order to enable it to properly perform its duty to the public and to enable the public to fully enjoy the facilities for which the road is designed, it is proper to consider what the company must do in that regard in the course of receiving and discharging freight and in handling and switching cars. Such work is constantly necessary and as is well known is, at best, hazardous to employes. This hazard is substantially increased by the presence of cattle guards. It is therefore but reasonable that in ascertaining what space should be left open the safety of employes must be taken into account. When the duty of the company to the public is being considered there is also involved a duty it owes to employes to use reasonable care in providing them with safe and sufficient means and appliances for doing their appointed work, and this can not be disregarded in determining the point under consideration. Therefore in arranging the switching yards the company may properly keep in view the safety of the employes, and this is an element to be regarded in ascertaining how much space may be left open in order that the company may duly serve the public.

Proof on this point went to the jury without objection in the case at bar, and was without contradiction, but the court struck out all reference to it in the instructions.

We feel constrained to hold that, as the record appears, the verdict is clearly opposed to the evidence, and probably the jury did not apprehend what weight of importance, if any, should be given to the element of safety in locating cattle guards and wing fences.

The judgment will be reversed and the cause remanded.