## Cleveland, C., C. & St. L. Ry. Co. v. Virginia Green.

1. RAILROAD COMPANIES—*Fencing Tracks—Cattle Guards.*—Where railroad companies are exempted from the duty of fencing their tracks at street crossings, the law requires them to provide cattle guards to prevent the passage of animals from the street to their right of way. Liability follows a neglect of duty in this regard.

2. SAME—*Track Unfenced for the Convenience of the Public.*—It is a question of fact, whether the convenience of the public requires that a railroad track, in a particular place, should be left unfenced, to be determined by the jury from the evidence in the case.

3. WORDS AND PHRASES—*The Word " Town."*—The word " town," employed in the statute in relation to fencing and operating railroads, means a collection of houses larger than a village and smaller than a city, and has no reference to territory incorporated as a town under the township organization laws.

**Trespass on the Case,** for killing domestic animals. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed May 29, 1896.

C. S. CONGER and R. L. McKINLAY, attorneys for appellant.

J. W. HOWELL, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The judgment appealed from was rendered against appellant company for the value of a cow belonging to appellee, which was killed by a train of the appellant company.

The cow came upon the track at the crossing of Grandview street in the unincorporated town or village of Dudley. The east side of Grandview street is the eastern limit of Dudley.

Cattle guards had not been provided on either side of the crossing, and the jury were warranted by the evidence in finding the cow passed from the street crossing westwardly along the railroad track a distance of from sixty to eighty feet and was there struck and killed by the train. Notwithstanding the fact an animal came upon the track at a public crossing where the company was not bound to fence, yet unless the company was exempted from the duty of fencing the track west of the street crossing, the statute required it should provide cattle guards to prevent passage from the street westwardly, and if it neglected to perform its duty in that regard, liability under the statute would follow. A., T. & S. F. R. R. Co. v. Elder, 149 Ill. 173.

The company maintains a depot about 900 feet west of Grandview street, and the contention is that it was necessary the intervening ground should not be inclosed with a fence in order that the public could have ready and convenient means of access to the station and depot grounds, and further, that cattle guards at the street crossings would be a source of danger to brakemen and switchmen when engaged in coupling and uncoupling cars.

It was a question of fact whether the convenience of the public required the track west of Grandview street should be left unfenced.

The jury held against the appellant upon that issue, and while we are not as well satisfied with that finding as we

might wish to be, yet we are not able to demonstrate from the evidence that it was manifestly wrong.

We are therefore to accept the conclusion arrived at by the jury, unless error is to be found in the rulings of the court upon the law governing the question.

The court modified the first instruction given in behalf of the appellee so that the jury were advised the company was not required to fence its track " at depots and stations and grounds about depots and stations required and necessary for public convenience," and so modified the second instruction in the same behalf as to declare the company was not bound to erect or maintain fences or cattle guards " at stations and station grounds necessary for the public convenience," and at the request of the appellant gave the jury the following instruction :

" What portion of the depot ground of railroads at stations outside of incorporated cities and villages should be left open is a question of fact to be determined by the jury from the evidence."

There is no reason for interference upon our part with the verdict upon the ground the jury were misdirected, or not fully informed as to the law upon the point.

It is complained the court refused instructions 8, 9 and 11, requested by appellant.

They were to the effect that the company was exempted from the duty of inclosing its tracks within the switch limits at Dudley if cattle guards or wing fences necessary to complete the fencing would endanger the lives or limbs of its employes when engaged in switching or coupling or uncoupling cars.

It is to be observed whether the convenience of the public required the depot grounds at Dudley at the point where the cow was struck and killed, and should not be fenced, which is the controlling subject of inquiry, is entirely left out of consideration in the instructions, and the court was by them asked to charge the jury that the company was relieved from all duty to obey the statute requiring the erection of fences and cattle guards if such structures would endanger the lives or limbs of its employes.

In T., St. L. & K. C. R. R. Co. v. Franklin, 159 Ill. 99, it was said : " But appellant claims it was not obliged to fence its track at the point outside the corporate limits for two reasons. * * * Second, because a cattle guard, if placed on the main track at the intersection of cross fences with the track, would endanger the safety of its employes."

" Here the failure to fence is sought to be justified upon the ground that certain side tracks, which were not at the station or depot, and do not constitute a part of the depot grounds, and which are beyond the corporate limits of the town, can be more conveniently and safely used if unfenced than if fences were erected. Such consideration furnishes no valid reason why the statute should not be obeyed."

This expression of our Supreme Court must be regarded as authority warranting the refusal of the instructions under consideration.

Nor is anything said by this court in the opinion in the case of the C., C., C. & St. L. Ry. Co. v. Umphenour, 63 Ill. App. 642, in conflict therewith. We there ruled that if it appeared the convenience of the public required some portion of the grounds at a station should be left open, the safety of the employes of the company while engaged in the discharge of duties made necessary in order the company might duly serve the public convenience was to be considered in determining the limits of the space which need not be inclosed in order the company might so duly serve the public.

The rule sought to be announced in the refused instructions was an independent proposition that the company was not bound to maintain fences and cattle guards at the crossing in question if its employes would have thereby been endangered.

The word "town" employed in the statute means a collection of houses larger than a village and smaller than a city and has no reference to territory incorporated as a town under the township organization laws of the State.

The judgment must be and is affirmed.