### Timothy Enright, Jr., Appellant, v. Toledo, Peoria & Western Railway Company, Appellee.

### Gen. No. 5266.

RAILROADS—*when not obligated to construct and maintain cattle guards.* A railroad company is not required to place a fence and cattle guards across its depot grounds where they are intersected by a public highway.

Action in case. Appeal from the Circuit Court of Woodford county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

JAMES A. RIELY and JOHN F. BOSWORTH, for appellant.

THOMAS KENNEDY and STEVENS, MILLER & ELLIOT, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Timothy Enright, Jr., brought suit against the Toledo, Peoria and Western Railway Company to recover the value of two cows, belonging to him, killed by a train of defendant. The court at the close of plaintiff's evidence instructed a verdict in favor of defendant, upon which judgment was rendered and the plaintiff appeals. The record shows that on February 23, 1908, the appellant had two cows in his pasture, north of appellee's right of way, adjoining

the station grounds of Enright, a station on appellee's railroad in McLean county. The railroad runs east and west and there was a sufficient fence between the pasture and the right of way. A public highway runs north and south, west of the pasture and through the switch limits of Enright station. On the south side of the main track, from a point ten feet east of the highway, is a platform ten feet wide that extends seventy feet further east for the accommodation of passengers wishing to take or alight from trains, but there is no depot building. No tickets are sold at Enright, but tickets are sold from other stations to Enright, and passengers taking the train at Enright are not charged excess fare because of not having a ticket. A switch track leaves the main track on the north side of the main track just west of the highway and runs east about ten feet north of the main track across the highway several hundred feet, where it again unites with the main track. The original right of way was one hundred feet wide, being fifty feet on each side of the main track. In order to accommodate the public, appellee bought an additional fifty feet on the north side of its right of way from the father of appellant to have proper station grounds. On the north side of the switch and twenty-five feet east of the highway is a power house for a grain elevator which stands further east and has a capacity of forty-five to fifty thousand bushels of grain, and south of the elevator on the switch track is a railroad track scales. There is an elevator office near the elevator with a walk to the elevator and the track scales; further east along the side-track is a coal house into which coal is unloaded by the carload. There is a driveway from the public highway to the elevator and coal house. The station is used for the ordinary purposes of a railway station in a farming community. It is open everywhere around the platform and buildings and the highway is a part of the open grounds. An incorporated Farmers Elevator Company carries on a grain business at

Enright, shipping, mostly during the winter and spring seasons, about 135 cars of grain per year. Two passenger trains stop at Enright station daily, and freight is loaded and unloaded there both on the side track and on the platform.

The cows of appellant on the day they were killed, when there was fresh snow on the ground so that their course could be distinctly tracked, broke through a hedge fence west of his pasture on to the highway, wandered south on the highway to the space between the tracks, where they turned east to near the east end of the platform where they were struck by a train and killed, and they were carried west some distance.

The only question presented for our consideration is whether the appellee was required by law to place a fence and cattle guards across its depot grounds where they are intersected by the public highway. The appellee furnished additional land, sidetrack, scales and cars for handling freight and a platform for passengers, baggage and freight. It kept its station grounds open and easy of access for the benefit of the public, and its switching grounds free from cattle guards and wing fences for the safety of its employes. There is no dispute as to where the cows went upon the tracks from the highway and that they did not go beyond the platform. Under the circumstances, the facts being undisputed it became a question of law for the court whether there was any liability on the part of appellee. Wabash R. R. Co. v. Howard, 57 Ill. App. 66.

The statute in relation to fencing railroads ought not to be construed to embrace that which is not within its terms, and depots and stations are not so embraced. If the statute were held to include stations, passengers would be under the necessity of climbing fences or opening gates. It would be unreasonable to obstruct station grounds with fences and cattle guards and very dangerous to the lives of trainmen. The question presented by this record has been frequently

passed on by the courts of this state, and it has been uniformly held that railroads are not required to place fences across station grounds. C. B. & Q. v. Hans, 111 Ill. 114; Ewing v. Chicago and Alton R. R. Co., 72 Ill. 25; C. C. C. & St. L. Ry. Co. v. Roper, 47 Ill. App. 321; T. H. & I. R. R. Co. v. Bowles, 16 Ill. App. 261; C. C. C. & St. L. R. R. Co. v. Umphenour, 63 Ill. App. 642; C. C. C. & St. L. Ry. Co. v. Green, 65 Ill. App. 414; S. & St. R. R. Co. v. Stotlar, 43 Ill. App. 94.

There being no duty to fence the road under the undisputed facts, there can be no recovery, and the court properly instructed a verdict for the appellee.

Appellant also insists that the court erred in not permitting him to prove that a fence could have been built from the highway to the elevator without interfering with the business of the elevator. The cattle did not go on the railway at the road to the elevator but between the tracks, and the evidence offered was immaterial. The judgment is affirmed.

*Affirmed.*